# Matter of Jose Miguel GERMAN SANTOS, Respondent

*Decided May 5, 2022*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)   Any fact that establishes or increases the permissible range of punishment for a criminal offense is an "element" for purposes of the categorical approach, even if the term "element" is defined differently under State law. *Matter of Laguerre*, 28 I&N Dec. 437 (BIA 2022), followed.

(2)   Title 35, section 780-113(a)(30) of the Pennsylvania Consolidated Statutes, which punishes possession with intent to deliver a controlled substance, is divisible with respect to the identity of the controlled substance possessed, and the respondent's conviction under this statute is one for a controlled substance violation under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i) (2018), under the modified categorical approach.

FOR THE RESPONDENT:  Rebecca Hufstader, Esquire, Philadelphia, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Alicia Crittenden, Assistant Chief Counsel

BEFORE:  Board Panel:  MALPHRUS, Deputy Chief Appellate Immigration Judge; HUNSUCKER and PETTY, Appellate Immigration Judges.

PETTY, Appellate Immigration Judge:

An Immigration Judge found the respondent removable under section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(B)(i) (2018), based on a Pennsylvania conviction for possession with intent to deliver a controlled substance.  The respondent contends that under State law the identity of the controlled substance is a "grading factor" for sentencing rather than an element of the offense.  Regardless of the State's classification, any fact that establishes or increases the permissible range of punishment is an element of the offense for Federal purposes.  Here, the identity of the controlled substance establishes the permissible range of punishment and is therefore an element of the offense.  The statute of conviction is therefore divisible and the respondent was properly found removable.  We affirm the Immigration Judge's denial of cancellation of removal and will dismiss the respondent's appeal.

## I.  BACKGROUND

The respondent is a native and citizen of the Dominican Republic, and a lawful permanent resident of the United States.  In 2017, he was involved in a traffic accident with a pedestrian, after which the pedestrian was hospitalized to investigate possible hemorrhaging between her brain and skull.  The police recovered 128 grams of marijuana packaged in small plastic bags from the respondent's car, as well as a rolled up joint and an open beer.  The respondent was convicted in a Pennsylvania court, pursuant to his guilty plea, of possession with intent to deliver a controlled substance, in violation of title 35, section 780-113(a)(30) of the Pennsylvania Consolidated Statutes, and two counts of driving under the influence of a controlled substance.

Based on the conviction for possession with intent to deliver, the respondent was charged with removability under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), for having been convicted of a controlled substance violation.  The Immigration Judge found the respondent removable and denied cancellation of removal as a matter of discretion, finding, among other things, that the respondent did not testify credibly about his role in the traffic accident and did not accept responsibility for his conduct.  In particular, the Immigration Judge disbelieved the respondent's testimony that the pedestrian hit his car while he was stopped at a red light.  The Immigration Judge found that the respondent was not stopped, but rather he drove past the red light and hit a woman who was crossing the street, due in part to his state of intoxication.  The Immigration Judge also found incredible the respondent's contentions that the police planted the joint in his car; the beer was open but completely full; and the respondent had last smoked marijuana so far in advance of the accident that he was no longer intoxicated when it occurred.

The respondent challenges his removability under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i), contending that his statute of conviction is indivisible and overbroad, and therefore it does not categorically define an offense relating to a controlled substance.  In support of his argument, the respondent relies on the Pennsylvania Superior Court's decision in *Commonwealth v. Beatty*, 227 A.3d 1277 (Pa. Super. Ct. 2020), which he claims supersedes precedential decisions of the United States Court of Appeals for the Third Circuit concluding that the identity of the controlled substance is an element of the offense such that the statute is divisible by substance.  He also challenges the Immigration Judge's discretionary denial of cancellation of removal.

553

## II.  DISCUSSION

### A.  Removability

To resolve this appeal, we must first determine whether the respondent has been convicted of a controlled substance offense under 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i).  Whether the respondent's conviction is a controlled substance offense is a question of law we review de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2021).

As we recently explained in *Matter of Laguerre*, 28 I&N Dec. 437, 438 (BIA 2022), to determine whether a State statute is categorically a controlled substance offense under section 237(a)(2)(B)(i), we first ask whether the elements of the Pennsylvania statute of conviction match those of the generic definition of an offense relating to a controlled substance.  For a categorical match, the Pennsylvania statute must include, as an element of the offense, a substance controlled under the Controlled Substances Act, *see* 21 U.S.C. § 802 (2018).  *Matter of Laguerre*, 28 I&N Dec. at 438 (citing *Mellouli v. Lynch*, 575 U.S. 798, 813 (2015)).  "If the elements of the statute of conviction plainly reach conduct outside the generic definition, or if there is a realistic probability the statute would be used to prosecute such conduct, the statute is overbroad and does not categorically match the definition." *Matter of Koat*, 28 I&N Dec. 450, 452 (BIA 2022) (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)).  If the statute is overbroad, we may then consider whether it is divisible, i.e., whether it "sets out one or more elements of the offense in the alternative."  *Matter of Laguerre*, 28 I&N Dec. at 438 (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)).  "If it is divisible, we may examine the relevant conviction records . . . under a modified categorical approach to identify under which statutory alternative the respondent was convicted."  *Matter of Koat*, 28 I&N Dec. at 452 (citing *Descamps*, 570 U.S. at 257).

Elements are facts that must be "'necessarily' involved" in an offense. *Moncrieffe*, 569 U.S. at 190 (citation omitted); *see also Kawashima v. Holder*, 565 U.S. 478, 482–83 (2012); *Matter of Laguerre*, 28 I&N Dec. at 439.  They are the "'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'"  *Matter of Laguerre*, 28 I&N Dec. at 439 (quoting *Mathis v. United States*, 579 U.S. 500, 504 (2016)).  "In other words, 'elements' must be 'necessarily found' by a jury or 'necessarily admitted' . . . by a defendant, whereas 'means' or 'non-elemental fact[s]' are '*not* necessary to support a conviction.'"  *Id.* (alteration in original) (quoting *Mathis*, 579 U.S. at 515).

There is no dispute that the Pennsylvania schedules include controlled substances that are not listed in the Federal schedules.  The respondent's

removability therefore turns on whether the identity of the controlled substance is an "element" of the offense that must be proven, rendering the statute divisible and susceptible to a modified categorical inquiry, or whether the identity of the substance merely identifies a "means" of violating the statute, in which case the overbroad statute would be indivisible and could not support the charge of removability. *See Mathis*, 579 U.S. at 512 (distinguishing between statutory "elements" and the "alternative means of fulfilling one (or more)" of those elements); *Matter of Koat*, 28 I&N Dec. at 452. If the identity of the controlled substance is an element of the offense, and the conviction record reflects that substance is federally controlled under the modified categorical approach, then the offense is categorically a controlled substance offense under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i). *See, e.g.*, *Matter of Laguerre*, 28 I&N Dec. at 447.

To determine whether a term listed in an alternatively-phrased statute is an element of the offense, we begin with authoritative sources of State law. The statute may resolve the issue on its face, because "[i]f statutory alternatives carry different punishments, then . . . they must be elements." *Mathis*, 579 U.S. at 518; *see also Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that any "facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime). Alternatively, if State courts have "definitively answer[ed]" the question, then the Immigration Judge "need only follow what [the State court ruling] says." *Mathis*, 579 U.S. at 517–18.

The respondent directs us to *Beatty*, 227 A.3d at 1285.[1] He submits that *Beatty* has recently clarified that, under Pennsylvania law, the identity of the controlled substance is not an element of his statute of conviction, and that this controlling interpretation of State law by a State court supersedes prior Third Circuit precedent to the contrary. 35 Pa. Stat. and Cons. Stat. § 780-113(a)(30) (West 2017). In *Beatty*, 227 A.3d at 1285, the Pennsylvania Superior Court observed that the identity of the controlled substance is not listed in title 35, section 780-113(a)(30). The court further explained that "the specific identity of the controlled substance is not an element of the offense[,] [and that] [t]he identity is only relevant for gradation and penalties based on the relevant schedule." *Beatty*, 227 A.3d at 1285.

---

[1]   The Third Circuit has held that it is appropriate to rely on decisions of the Pennsylvania Superior Court where there is no Pennsylvania Supreme Court decision on point. *Singh v. Att'y Gen.*, 839 F.3d 273, 283 n.5 (3d Cir. 2016). In Pennsylvania's Unified Judicial System, the Superior Court is one of two state-wide intermediate appellate courts, and has jurisdiction over criminal cases and civil cases not involving the administration of government. Pa. Const. art. V, § 3; 42 Pa. Stat. and Cons. Stat. §§ 541–44 (West 2022).

The schedules, in turn, provide for different penalties depending upon the identity of the controlled substance. A person who violates section 780-113(a)(30) with respect to a controlled substance classified in Schedule I or II (or counterfeit of such substance), which is a narcotic drug, may be imprisoned up to 15 years and fined up to $250,000, or both. 35 Pa. Stat. and Cons. Stat. § 780-113(f)(1). With respect to an offense involving phencyclidine, methamphetamine, coca leaves, their salts and compounds (with certain exceptions), and more than 1,000 pounds of marijuana, a person may be imprisoned up to 10 years or fined $100,000, or both. 35 Pa. Stat. and Cons. Stat. § 780-113(f)(1.1). Any other substance or counterfeit substance controlled under Schedules I, II, or III carries a maximum penalty of 5 years' imprisonment or a fine of $15,000, or both. 35 Pa. Stat. and Cons. Stat. § 780-113(f)(2). A violation with respect to a substance or counterfeit substance controlled under Schedule IV carries a maximum penalty of 3 years' imprisonment or a fine of $10,000, or both. 35 Pa. Stat. and Cons. Stat. § 780-113(f)(3). Finally, a violation with respect to a substance or counterfeit substance controlled under Schedule V is a misdemeanor for which an individual may be imprisoned for not more than 1 year, or fined $5,000, or both. 35 Pa. Stat. and Cons. Stat. § 780-113(f)(4).

*Beatty* neither alters existing State law nor supersedes the Third Circuit's construction of section 780-113(a)(30). Although State courts are undoubtedly "the final arbiter[s] of what is state law," *Montana v. Wyoming*, 563 U.S. 368, 377 n.5 (2011), *Beatty*'s statement that the identity of the controlled substance is not an "element" as that term is defined by State law is not new. It simply summarizes Pennsylvania's definitional statute, which defines the "[e]lements of an offense" as the

> conduct or attendant circumstances or such result of conduct as:
>   (1) is included in the description of the forbidden conduct in the definition of the offense;
>   (2) establishes the required kind of culpability;
>   (3) negatives an excuse or justification for such conduct;
>   (4) negatives a defense under the statute of limitation; or
>   (5) establishes jurisdiction or venue.

18 Pa. Stat. and Cons. Stat. § 103 (West 2022).

It is this State definition of "element" that *Beatty* interprets. Although *Mathis*, 579 U.S. at 517, requires us to follow a State court decision that "definitively answers" whether a statutory alternative is an "element," the question in this case is not the definition of an "element" under State law, but whether the statutory alternatives in the respondent's statute of conviction are "elements" under Federal law. *See also Moncrieffe*, 569 U.S. at 198 ("[W]e made clear in *Carachuri-Rosendo* that, for purposes of the INA,

a generic federal offense may be defined by reference to both "'elements" in the traditional sense' and sentencing factors." (quoting *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 572 (2010))). As we explained in *Matter of Laguerre*, 28 I&N Dec. at 441, State court decisions that "d[o] not give the term 'element' the precise meaning and significance the Supreme Court did" do not control the determination whether a statutory alternative is an "element" for purposes of the categorical approach. *Cf. Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12 (1983) ("Whether one has been 'convicted' within the language of [Federal] statutes is necessarily . . . a question of federal, not state, law, despite the fact that the predicate offense and its punishment are defined by the law of the State." (citation omitted)), *superseded by statute on other grounds*, Firearms Owners' Protection Act, Pub. L. No. 99-308, § 101(5), 100 Stat. 449, 449–51 (1986). Because *Beatty* addresses whether the identity of the controlled substance is an element for purposes of State law, rather than the Federal definition of "element," it does not "definitively answer[]" whether the identity of the controlled substance involved is an element under section 780-113(a)(30) for purposes of the categorical approach. *Mathis*, 579 U.S. at 517; *see also Matter of Laguerre*, 28 I&N Dec. at 440–441. Whether Pennsylvania considers the identity of the controlled substance an "element" of the offense under its definitional statute or merely a factor "relevant for gradation" is not dispositive.

Notably absent from Pennsylvania's statutory definition of "offense" are any findings relevant to the applicable punishment. *See* 18 Pa. Stat. and Cons. Stat. § 103; *Jean-Louis v. Att'y Gen. of U.S.*, 582 F.3d 462, 468 (3d Cir. 2009) (noting conduct included under the heading "grading" is "*per se* not an 'element' of the offense" and noting elements under Pennsylvania law are defined "as solely conduct included in the formal definition of the offense"). Pennsylvania has defined offenses in this manner, notwithstanding the need to submit factual questions pertaining to the applicable punishment to a jury. *See Commonwealth v. Shamberger*, 788 A.2d 408, 418 (Pa. Super. Ct. 2001) (en banc) (noting factual questions relating to the grading of an offense for sentencing "normally would be a question for the jury"); *Commonwealth v. Panko*, 975 A.2d 1189, 1191 (Pa. Super. Ct. 2009) (citing *Apprendi* and noting that "a fact that increases the maximum penalty or changes the grade of an offense must be submitted to a jury and proven beyond a reasonable doubt"); *Commonwealth v. Sparks*, 492 A.2d 720, 725 (Pa. Super. Ct. 1985) ("As to grading of . . . theft offenses, it is clear that value becomes determinative and this, too, is a factual question, which has been regarded a jury question, although it is not an element of the crime.").

As noted, the Supreme Court of the United States held in *Apprendi*, 530 U.S. at 490, that any "facts that increase the prescribed range of penalties to

which a criminal defendant is exposed" are elements of the crime. *See also id*. at 483 n.10 ("[F]acts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense."). Therefore, we must first determine the applicable statutory maximum. As the Supreme Court of Pennsylvania has explained, "In many *Apprendi*-based appeals, determining the otherwise-imposable maximum is relatively straightforward, as it involves ascertaining the highest sentence authorized by the conviction alone." *Commonwealth v. Dixon*, 255 A.3d 1258, 1265 (Pa. 2021). Here, there is no penalty authorized merely for having been convicted of a controlled substance offense under section 780-113(a)(30). Instead, as *Beatty* notes this provision only identifies the prohibited conduct. 227 A.3d at 1284–85.

Penalties are defined separately and maximum penalties are assigned based on the identity of the controlled substance in question. 35 Pa. Stat. and Cons. Stat. § 780-113(f). Accordingly, under Pennsylvania law, the imposition of *any* penalty for a conviction under section 780-113(a)(30) requires the identification of the controlled substance at issue with sufficient specificity to determine which paragraph of section 780-113(f) applies. In other words, the five paragraphs of "[s]ection 780-113(f)(1) provides a list of specific statutory alternatives." *United States v. Henderson*, 841 F.3d 623, 630 (3d Cir. 2016). And if, as here, "statutory alternatives carry different punishments, then under *Apprendi* they must be elements." *Mathis*, 579 U.S. at 518; *accord Henderson*, 841 F.3d at 630. As the Third Circuit has explained:

> [T]he type of controlled substance involved in a violation of 35 PA. STAT. ANN. § 780-113(a)(30) alters the prescribed range of penalties. Accordingly, the type of drug, insofar as it increases the possible range of penalties, is an element of the crime. Because 35 PA. STAT. ANN. § 780-113(a)(30) can be violated by the possession of and intent to distribute many different drugs, the types of which can increase the prescribed range of penalties, the statute includes several alternative elements and is therefore divisible.

*United States v. Abbott*, 748 F.3d 154, 159 (3d Cir. 2014) (footnote omitted). Because the identity of the controlled substance must be submitted to the jury and proven beyond a reasonable doubt, it is an "element" of sections 780-113(a)(30) and (f)(1) under Federal law, regardless of Pennsylvania's decision to label it a "grading factor," rendering the statute divisible by substance under the categorical approach. *Id.*; *see also Mathis*, 579 U.S. at 518; *Moncrieffe*, 569 U.S. at 198.

The remaining aspects of the divisibility analysis pertaining to this statute have been comprehensively discussed elsewhere. *See Henderson*, 841 F.3d at 627–32 (reaffirming divisibility of section 780-113(a)(30) following

*Mathis*); *Abbott*, 748 F.3d at 159 (concluding that section 780-113(a)(30) is divisible in light of *Apprendi*); *Matter of Laguerre*, 28 I&N Dec. at 444–45 (discussing *Henderson*). Because *Beatty* does not address "elements" as they are defined under Federal law, the Third Circuit's conclusion that "[s]ection 780-113(f)(1) sets forth different elements of the offense; not different means" remains controlling. *Henderson*, 841 F.3d at 629; *see also Matter of Chairez*, 26 I&N Dec. 819, 820 (BIA 2016) ("[T]he Board must follow applicable circuit law to the fullest extent possible when seeking to determine what *Descamps* and *Mathis* require.").[2]

As the respondent's statute of conviction is divisible with respect to the identity of the controlled substance, we apply the modified categorical approach to identify the controlled substance underlying his conviction. *See Mathis*, 579 U.S. at 505–06; *Matter of Laguerre*, 28 I&N Dec. at 447. It is undisputed that the controlled substance involved in this case is marijuana, which is a federally controlled substance under 21 U.S.C. § 812(c), schedule I(c)(10) (2018). Because the respondent was convicted of an offense relating to a substance that is controlled under Federal law, he committed an offense categorically relating to a controlled substance violation. Thus, the respondent is removable as charged under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i).

## B. Cancellation of Removal

The Immigration Judge denied the respondent's application for cancellation of removal as a matter of discretion. In reaching this determination, the Immigration Judge recognized the respondent's significant equities, including his lengthy residence and family ties in the United States, heard testimony from his partner and his sister, and considered pertinent hardship factors including the respondent's medical condition. As relevant negative factors, the Immigration Judge considered the respondent's criminal history, which includes convictions for possession with intent to distribute and driving under the influence. The Immigration Judge also

---

[2] We also reject the respondent's contention that *Commonwealth v. Ramsey*, 214 A.3d 274 (Pa. Super. Ct. 2019), reflects a new determination by Pennsylvania courts that the identity of the controlled substance is not an element of the offense. *Ramsey* involved a single delivery of "a compound mixture containing inseparable controlled substances," and held that this conduct constituted a single criminal act. *Id.* at 277–78. The court in *Ramsey* contrasted its holding with *Commonwealth v. Swavely*, 554 A.2d 946 (Pa. Super. Ct. 1989), which affirmed multiple convictions for one delivery of two separate controlled substances that were not mixed together. Both *Ramsey* and *Swavely* remain good law, and as the respondent's offense did not involve an inseparable compound mixture, *Ramsey* does not control. Nor does *Ramsey* call into doubt the Third Circuit's reliance on *Swavely* in *Henderson*, 841 F.3d at 629, and *Abbott*, 748 F.3d at 159 n.4.

considered the respondent's account of the circumstances surrounding his offenses, which the Immigration Judge found not credible and reflected a lack of acceptance of responsibility for his actions. The Immigration Judge determined that the negative factors presented outweigh the respondent's positive equities. *See Matter of Sotelo*, 23 I&N Dec. 201, 204 (BIA 2001); *Matter of C-V-T-*, 22 I&N Dec. 7, 11 (BIA 1998); *Matter of Marin*, 16 I&N Dec. 581, 584–85 (BIA 1978). We affirm the Immigration Judge's decision.

On appeal, the respondent challenges the Immigration Judge's adverse credibility finding, which underpins the discretionary denial of relief. While we review the Immigration Judge's overall discretionary decision de novo, we review credibility findings for clear error. 8 C.F.R. § 1003.1(d)(3)(i)–(ii). We discern no clear error in the Immigration Judge's adverse credibility finding. *See* INA § 240(c)(4)(C), 8 U.S.C. § 1229a(c)(4)(C) (2018); *U.S. Bank Nat'l Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 966 (2018) (noting that clear error review is a "serious thumb on the scale" in favor of the finding below).

The respondent does not dispute that the car he was driving collided with a pedestrian and that the victim was transported to a hospital as a result of internal hemorrhaging caused by the accident. The Immigration Judge found that the respondent's vehicle drove through a red light and hit a woman who was crossing the street, and that the respondent was intoxicated at the time of the accident. Those findings are not clearly erroneous. The Immigration Judge was not required to accept the respondent's contention that the pedestrian required transportation to a hospital to treat possible hemorrhaging between her brain and skull after having merely walked into a car stopped in a line of traffic at a red light. *See* INA § 240(c)(4)(C), 8 U.S.C. § 1229b(c)(4)(C) ("[T]he immigration judge may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account . . . ."); *Matter of D-R-*, 25 I&N Dec. 445, 454 (BIA 2011) (providing that Immigration Judges may make factual findings "based on reasonable inferences from direct and circumstantial evidence of the record as a whole"), *remanded on other grounds*, *Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).[3] In light of the respondent's conviction for driving under the influence, the open container of alcohol in the car, and his admission that he

---

[3] The Immigration Judge found incredible the respondent's contentions that the police planted the joint in his car; that the beer was open but completely full when the accident occurred; and that the respondent had most recently smoked marijuana at 5:00 a.m. that morning, rather than closer in time to the accident. These findings are likewise permissible inferences based on the totality of the circumstances and support the Immigration Judge's conclusion that the respondent drove through the red light while intoxicated. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

had smoked marijuana earlier that day, the Immigration Judge's finding that the respondent was intoxicated at the time of the accident is not clearly erroneous. *See Matter of Roberts*, 20 I&N Dec. 294, 301 (BIA 1991) ("[I]t is impermissible to go behind a record of conviction to reassess an alien's ultimate guilt or innocence.").[4]

The Immigration Judge permissibly construed the respondent's minimization of his responsibility for the accident as evidence of a lack of rehabilitation and failure to accept responsibility for his conduct. *See Matter of C-V-T-*, 22 I&N Dec. at 14 ("Rehabilitation can be a relevant consideration in the exercise of discretion."); *Matter of Arreguin*, 21 I&N Dec. 38, 40 (BIA 1995) (noting that evidence of rehabilitation may "include [the] apparent acceptance of responsibility for [a] crime"); *Matter of Marin*, 16 I&N Dec. at 585.

In light of the foregoing, we agree with the Immigration Judge's discretionary analysis. The respondent's convictions for driving under the influence of a controlled substance and for possession with intent to deliver a controlled substance are themselves serious negative factors. *See Matter of Siniauskas*, 27 I&N Dec. 207, 209 (BIA 2018); *Matter of Gonzalez Romo*, 26 I&N Dec. 743, 746–47 (BIA 2016); *Matter of Khourn*, 21 I&N Dec. 1041, 1046–47 (BIA 1997). The Immigration Judge reasonably determined that the nature, recency, and seriousness of the respondent's criminal conduct, particularly when viewed in light of his incredible testimony concerning the accident and his failure to accept responsibility, outweigh the favorable factors and the social and humane considerations presented on his behalf and militate against a favorable exercise of discretion. *See Matter of C-V-T-*, 22 I&N Dec. at 11; *cf. id.* at 14 (noting evidence of remorse or rehabilitation

---

[4] The respondent submitted with his appellate brief the report of a toxicologist who rendered certain opinions based on the toxicology laboratory results from the day of the accident. We do not consider new evidence for the first time on appeal. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Matter of Fedorenko*, 19 I&N Dec. 57, 74 (BIA 1984), *abrogated on other grounds by Negusie v. Holder*, 555 U.S. 511 (2009). To the extent the respondent seeks remand for additional fact-finding on this basis, the request is denied. The toxicology laboratory results are dated October 6, 2016, the day of the accident in question—more than a year before the respondent entered a guilty plea to the driving under the influence charge in October 2017, and more than 3 years before the conclusion of his removal proceedings in immigration court in May 2020. The respondent has not shown that the toxicology results were previously unavailable, or that he could not have reasonably obtained the report of an expert in the 2 and a half years his removal proceedings were pending in Immigration Court. Moreover, as noted above, his contention that he was not intoxicated is contradicted by his guilty plea to two counts of driving under the influence of a controlled substance. We conclude this report is unlikely to change the result in this case. *See Matter of Coelho*, 20 I&N Dec. 464, 473 (BIA 1992) (holding that a noncitizen seeking to remand proceedings bears a heavy burden of proving that the new evidence offered would likely change the result).

may offset the risk of recidivism). Accordingly, we will affirm the Immigration Judge's discretionary denial of the respondent's application for cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a).

## III.  CONCLUSION

For the reasons discussed above, the respondent's conviction for the offense of possession with intent to deliver a controlled substance, in violation of section 780-113(a)(30), constitutes a controlled substance violation, rendering him removable under section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i).  The respondent does not merit cancellation of removal as a matter of discretion.  Accordingly, the appeal is dismissed.

**ORDER:**  The respondent's appeal is dismissed.