# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2022

Lyle W. Cayce
Clerk

No. 21-60520
Summary Calendar

Faithful Nchu-U Ning-Kum,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A213 475 817

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Faithful Nchu-U Ning-Kum, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the immigration judge (IJ) concluding that she was ineligible for asylum, withholding of removal, and relief under

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

the Convention Against Torture (CAT).  We review the BIA's decision and will consider the IJ's decision only to the extent it influenced the BIA.  *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The IJ denied Ning-Kum's claims for relief based on an adverse credibility finding, and the BIA determined that the IJ had not clearly erred in her credibility finding.  Because she has not adequately briefed a challenge to the agency's adverse credibility determination, Ning-Kum has waived the issue.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Ning-Kum's contention that the IJ failed to develop the record lacks merit.  Although we have recognized that the IJ has a duty to develop the record, particularly where an alien appears pro se, *see Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020), the IJ fulfilled her duty by asking open-ended questions of Ning-Kum regarding the threats and harms she had experienced in Cameroon, as well as her fear of harm in the future, and giving her the opportunity to testify on these topics.  *See Lopez-Rodriguez v. INS*, 20 F.3d 467, No. 93-5242, 1994 WL 122108, *6 (5th Cir. Mar. 24, 1994) (unpublished).[1]  The IJ was not Nung-Kim's advocate, *see Arteaga-Ramirez*, 954 F.3d at 813, and she did not have "a duty to develop the facts necessary to prove [Nung-Kim's] case," *Lopez-Rodriguez*, 1994 WL 122108, *6.

Turning to the BIA, Ning-Kum argues that it erred by failing to consider the additional evidence she submitted in conjunction with her appeal; she asserts that the BIA should have treated her appeal like a motion to remand.  The BIA does not consider new evidence on appeal.  *Matter of Santos*, 28 I. & N. Dec. 552, 561 n.4 (BIA 2022).  Further, because Ning-Kum has not shown that the proffered new evidence was previously unavailable,

---

[1] Although unpublished, the opinion in *Lopez-Rodriguez* is precedential because it was issued before January 1, 1996. *See* 5TH CIR. R. 47.5.3.

she has not shown that the BIA erred by not ordering a remand. *See Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992); *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014).

Here, the agency's unchallenged adverse credibility determination is dispositive of Ning-Kum's claims for asylum and withholding of removal because she cannot establish a subjective fear of future persecution. *See Arulnanthy v. Garland*, 17 F.4th 586, 596-97 (5th Cir. 2021). Accordingly, we need not address Ning-Kum's contentions that the BIA erred by failing to consider whether she qualified for asylum based on a pattern or practice theory of persecution and that the BIA erred by failing to consider all evidence of a well-founded fear of persecution. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Finally, because Ning-Kum raises no challenge to the denial of her CAT claim, she has abandoned it. *See Soadjede*, 324 F.3d at 833.

The petition for review is DENIED.