# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2022

Lyle W. Cayce
Clerk

No. 21-60291
Summary Calendar

Ana Marilyn Gutierrez-De Diaz; Chelsea Marilyn Diaz-Gutierrez,

*Petitioners,*

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 685 125
Agency No. A208 685 126

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ana Marilyn Gutierrez-De Diaz is a native and citizen of El Salvador. On behalf of herself and her daughter, Chelsea Marilyn Diaz-Gutierrez, she petitions for review of an order by the Board of Immigration Appeals (BIA)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

dismissing her appeal from the denial by an immigration judge (IJ) of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

After the filing of Gutierrez-De Diaz's appellate brief, we granted the respondent's unopposed motion to remand the case to the BIA for a ruling on Gutierrez-De Diaz's motion to file a late brief. On remand the BIA denied Gutierrez-De Diaz's motion due to her lack of explanation for the four-month delay in filing the motion. Gutierrez-De Diaz's challenge to the BIA's rejection of her brief fails as she does not show that the BIA abused its discretion in enforcing its procedural rules. *See* 8 C.F.R. § 1003.3(c)(2).

Despite Gutierrez-De Diaz's assertions to the contrary, the IJ's adverse credibility determination, which the BIA adopted and affirmed, was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Singh v. Sessions*, 880 F.3d 220, 225-26 (5th Cir. 2018).

Although Gutierrez-De Diaz offers explanations for the inconsistences, neither the IJ nor the BIA was required to accept them. *See Morales v. Sessions*, 860 F.3d 812, 817 (5th Cir. 2017). Because the adverse credibility determination was supported by "specific and cogent reasons," the record does not compel a finding that Gutierrez-De Diaz was credible or that no reasonable factfinder could have made an adverse credibility finding. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). In addition, her argument that the BIA and the IJ erred in not considering her untimely supplemental evidence is unavailing. *See* 8 C.F.R. § 1003.31(h); *Matter of Santos*, 28 I. & N. Dec. 552, 561 n.4 (BIA 2022).

The adverse credibility finding is dispositive of Gutierrez-De Diaz's claims for asylum and withholding of removal. *See Arulnanthy v. Garland*, 17 F.4th 586, 596-97 (5th Cir. 2021); *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th

Cir. 2012).    Because Gutierrez-De Diaz does not identify any timely submitted nontestimonial evidence that could independently establish her entitlement to CAT relief, the adverse credibility determination also defeats her CAT claim.  *See Arulnanthy*, 17 F.4th at 597-98; *Ghotra v. Whitaker*, 912 F.3d 284, 290 & n.2 (5th Cir. 2019).

Accordingly, Gutierrez-De Diaz's petition for review is DENIED.