# Matter of N-P-A-, Respondent

*Decided by Board November 4, 2025[1]*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The respondent did not establish a well-founded fear of persecution based on a pretextual summons for his political activity and country conditions evidence that political activists are detained and severely harmed where a similar summons did not result in harm to the respondent's son and the respondent lived for years in Moldova without harm.

FOR THE RESPONDENT: Oksana Kozachenko, Esquire, Sacramento, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Brandy McClure, Assistant Chief Counsel

BEFORE: Board Panel: HUNSUCKER and GOODWIN, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

The Department of Homeland Security ("DHS") appeals from the Immigration Judge's January 6, 2025, decision granting the respondent's applications for asylum and withholding of removal to Moldova under the regulations implementing the Convention Against Torture ("CAT").[2] *See* section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A) (2024); 8 C.F.R. § 1208.16(c) (2025); 8 C.F.R. § 1208.18(a) (2020). The respondent, a native of the Soviet Union and citizen of Moldova, opposes the appeal.[3] The appeal will be sustained.

---

[1] Pursuant to Order No. 6519-2025, dated December 8, 2025, the Attorney General designated the Board's decision in *Matter of N-P-A-* (BIA Nov. 4, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. § 1208.16(c) (2025); 8 C.F.R. § 1208.18(a) (2020).

[3] The respondent's motion to accept his late-filed brief is granted.

The respondent is from the Transnistria region of Moldova, which is controlled by separatists. On October 31, 2020, the respondent was beaten by police officers while handing out leaflets for an anticorruption political candidate. The police officers took him to a police station where he was beaten again and held for 2½ hours. After Russia's invasion of Ukraine in 2022, the respondent regularly attended protests against the invasion. He and his son received summonses to appear for interrogation on April 12, 2024, based on allegations of calling for "extremist activity." The respondent testified that his son appeared pursuant to the summons and was released without incident. Another summons was issued to the respondent on May 20, 2024, to appear for interrogation on May 25, 2024. The respondent left Moldova on May 23, 2024. He testified that he used his passport to depart from the airport in Moldova, and no government official tried to stop him.

The Immigration Judge determined that the respondent did not suffer past persecution in Moldova, and the respondent has not challenged that determination on appeal. Absent past persecution, the respondent bears the burden to show that he has a well-founded fear of persecution in Moldova. 8 C.F.R. § 1208.13(b)(2) (2020). To establish a well-founded fear of future persecution, a respondent must demonstrate a "reasonable possibility" that he will be persecuted in his country of nationality. 8 C.F.R. § 1208.13(b)(2)(i)(B). Whether a respondent has a well-founded fear of persecution is a legal question that we review de novo. *See Matter of A-S-B-*, 24 I&N Dec. 493, 496–97 (BIA 2008) (explaining that whether an alien has suffered harm amounting to persecution or has a well-founded fear of persecution are legal questions reviewed de novo by the Board), *overruled on other grounds by Matter of Z-Z-O-*, 26 I&N Dec. 586 (BIA 2015).

On de novo review, we conclude that the Immigration Judge erred in finding that the respondent met his burden to show that he has a well-founded fear of persecution in Moldova. The Immigration Judge's finding was based on the fact that the respondent was issued a pretextual summons for his political activity and on country conditions evidence showing that the separatists controlling Transnistria have detained political activists and subjected them to severe harm. However, the Immigration Judge did not properly consider the respondent's testimony that his son appeared pursuant to an identical summons and was released without incident. While we acknowledge the generalized country conditions evidence relied on by the Immigration Judge, the specific experience of the respondent's son undermines his claim that he would be singled out for persecution based on the issuance of an identical summons. The fact that the respondent was able to remain in Moldova for several years without being physically harmed after the October 2021 beatings while continuing to publicly engage in political

activity also significantly undermines his claim that he would be persecuted in the future. *See Rubio v. Bondi*, 147 F.4th 568, 578 (5th Cir. 2025) ("[W]hen 'an alien has endured a threat or assault but has nevertheless chosen to stay in his home country for a period of time,' the 'choice to stay tends to weaken the claim of persecution.'" (citation omitted)). So does the respondent's testimony that he was able to freely leave Moldova without incident. *See id.* at 581 ("[T]he ability to freely travel without experiencing detention, arrest, or harm undercuts the objective reasonability of an applicant's fear of future harm.").

Based on the foregoing, we conclude that the respondent is not eligible for asylum because he has not met his burden to show that he suffered past persecution or that he has a well-founded fear of persecution in Moldova. *See* 8 C.F.R. § 1208.13(b)(1)–(2). His failure to establish a well-founded fear of persecution necessarily means he cannot meet the higher "more likely than not" standard required for withholding of removal to Moldova under section 241(b)(3)(A) of the INA, 8 U.S.C. § 1231(b)(3)(A) (2024). 8 C.F.R. § 1208.16(b)(2); *see also L.N. v. Garland*, 109 F.4th 389, 394 (5th Cir. 2024) (recognizing the higher standard for withholding of removal and that "a party who fails to show eligibility for asylum necessarily cannot show eligibility for withholding"). His inability to demonstrate that it is more likely than not that he would suffer harm amounting to persecution also means that he necessarily cannot demonstrate that it is more likely than not that he would be tortured in Moldova, as required to prevail on his CAT application. *See Rangel v. Garland*, 100 F.4th 599, 610 (5th Cir. 2024) ("[T]orture is a higher bar than is persecution."); *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019) (holding that if acts do not constitute persecution, "[i]t follows *a fortiori* they do not constitute torture").

Lastly, we acknowledge the country conditions evidence submitted with the respondent's appellate brief. We have considered the United States Department of State 2023 Country Report on Human Rights Practices, which was also already considered by the Immigration Judge. Regarding the remaining newly submitted evidence, "[w]e do not consider new evidence for the first time on appeal." *Matter of German Santos*, 28 I&N Dec. 552, 561 n.4 (BIA 2022), *aff'd*, No. 22-2072, 2025 WL 2694101 (3d Cir. Sept. 22, 2025). To the extent the submission of evidence constitutes a motion to remand, we deny the motion. "A motion to remand for the purpose of presenting additional evidence must conform to the same standards as a motion to reopen and will only be granted if the evidence was previously unavailable and would likely change the result in the case." *Matter of L-A-C-*, 26 I&N Dec. 516, 526 (BIA 2015). Most of the evidence submitted on appeal was available at the time of the hearing below. The April 2025

report about Russian journalists being jailed in Russia is irrelevant to the respondent's claimed fear of return to Moldova. Accordingly, the following orders will be entered.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The Immigration Judge's January 6, 2025, decision is vacated.

**FURTHER ORDER:** The respondent's applications for asylum, withholding of removal under the INA, and withholding of removal under the CAT are denied.

**FURTHER ORDER:** The respondent is ordered removed to Moldova.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation. *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2025).