# Matter of Antonio CALDERON-HERNANDEZ, Respondent

*Decided August 3, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An applicant for cancellation of removal seeking to establish exceptional and extremely unusual hardship to his or her child is not required to provide an affidavit and other documentary evidence regarding the child's care and support upon the alien's removal if the child will remain in the United States with another parent, even if the other parent is in this country unlawfully. *Matter of Ige*, 20 I&N Dec. 880 (BIA 1994), clarified.

FOR RESPONDENT: Jeremiah W. Stuchiner, Esquire, Las Vegas, Nevada

FOR THE DEPARTMENT OF HOMELAND SECURITY: An Mai Nguyen, Assistant Chief Counsel

BEFORE: Board Panel: MILLER and GREER, Board Members; KENDALL CLARK, Temporary Board Member.

KENDALL CLARK, Temporary Board Member:

In a decision dated April 14, 2011, an Immigration Judge denied the respondent's application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (2006), finding that he did not establish the requisite hardship to a qualifying relative. The respondent, a native and citizen of Mexico, has appealed from that decision. The record will be remanded to the Immigration Judge for further consideration of the hardship that may result to the respondent's United States citizen children if he is removed from this country.

To establish eligibility for relief under section 240A(b)(1) of the Act, an alien must prove that he has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of his application; that he has been a person of good moral character during that period; that he has not been convicted of a specified offense; and that his removal would result in exceptional and extremely unusual hardship to his spouse, parent, or child who is a citizen of the United States or an alien lawfully admitted for permanent residence.

The sole issue on appeal is whether the respondent established that any of his three United States citizen children would suffer exceptional and

extremely unusual hardship upon his removal to Mexico. The respondent specifically testified that if he were removed to Mexico, his children would remain in the United States with their mother, who is also a native and citizen of Mexico, is unlawfully in the United States, and was not in proceedings at the time of the respondent's hearing.

We have held, in the context of an application for suspension of deportation, that where an alien alleges that extreme hardship will be suffered by his United States citizen child were the child to remain in the United States upon the parent's or parents' deportation, the claim will not be given significant weight absent "an affidavit from the parent or parents stating that it is their intention that the child remain in this country, accompanied by evidence demonstrating that reasonable provisions will be made for the child's care and support." *Matter of Ige*, 20 I&N Dec. 880, 885 (BIA 1994). The United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, upheld our decision in *Matter of Ige* and concluded that "this is a valid evidentiary requirement." *Perez v. INS*, 96 F.3d 390, 393 (9th Cir. 1996).

Citing both *Matter of Ige* and *Perez v. INS*, the Immigration Judge stated that because the respondent did not submit an affidavit, he would analyze the hardship issue only under the premise that the respondent's three United States citizen children would accompany him to Mexico upon his removal. The Immigration Judge found that under that scenario, the respondent did not establish that any of his children would suffer exceptional and extremely unusual hardship in Mexico upon his removal.

However, in *Matter of Ige* and *Perez v. INS*, both parents were in removal proceedings. We noted in *Matter of Ige*, 20 I&N Dec. at 885-86, that a claim that the children would remain in the United States "can easily be made for purposes of litigation," and we emphasized that "it is generally preferable for children to be brought up by their parents." We imposed a requirement that where the parents intend for their United States citizen child to remain in this country upon their deportation, they must provide both an affidavit stating that intention and accompanying evidence to demonstrate who would care for and support the child.

In this case, by contrast, only one parent is in proceedings. Where both parents are living in the United States and the parent who is in proceedings indicates an intention that a child will remain in the United States upon his or her removal, an affidavit and other documentary evidence regarding the care and support of the child is not required. This is so even if the alien intends to leave the child with a parent who is not lawfully in this country. It is reasonable in such cases to assume that the child will be cared for and supported by the parent who remains here, absent evidence to the contrary. Where the remaining parent is not here lawfully but is not in proceedings,

we will not speculate on the likelihood that he or she will be placed in proceedings or what will happen if that occurs. The Ninth Circuit has also indicated that an affidavit would not be required where the child would be left in the care of the other parent who remained in the United States. *Salcido-Salcido v. INS*, 138 F.3d 1292 (9th Cir. 1998).

Accordingly, we find that a remand is warranted for further consideration of the respondent's application for cancellation of removal. On remand, the Immigration Judge should also consider the hardship to the respondent's United States citizen children if they remain in this country with their mother.

**ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.