**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEJAN RADOJKOVIC, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, JR., Attorney General, <br><br> Respondent. | No. 11-72335 <br><br> Agency No. A028-211-730 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2015
San Francisco California

Before:     THOMAS, Chief Judge, and TASHIMA and McKEOWN, Circuit
Judges.

Dejan Radojkovic, a native and citizen of Bosnia and Herzegovina, petitions

for review of the Board of Immigration's ("BIA") opinion dismissing his appeal of

the Immigration Judge's ("IJ") decision rendering him removable for making a

material misrepresentation under 8 U.S.C. §§ 1227(a)(1)(A) & 1182(a)(6)(C)(i),

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and for having participated or assisted in an extrajudicial killing under 8 U.S.C. §§ 1182(a)(3)(E)(iii) & 1227(a)(4)(D). *See In re D-R-*, 25 I. & N. Dec. 445 (B.I.A. 2011). We have jurisdiction under 8 U.S.C. § 1252(a) and we grant Radojkovic's petition for review.

1.      Any alien who, "by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided" under the Act is inadmissible under 8 U.S.C. § 1182(a)(6)(C)(i). In *Forbes v. INS*, we held that "[t]he test of whether 'concealments or misrepresentations [are] material is whether they ha[ve] a natural tendency to influence the decisions of the Immigration and Naturalization Service' . . . [and that] [t]he government must 'produce[] evidence sufficient to raise an inference that a statutory disqualifying fact actually existed.'" 48 F.3d 439 (9th Cir. 1995) (quoting *Kungys v. United States*, 485 U.S. 759, 772, 783 (1988)). The IJ in this case applied the test in *Forbes* and concluded that Radojkovic's misrepresentation of his police service was material. The BIA, in affirming the IJ's determination that Radojkovic's misrepresentation was material, repeated the first part of the standard used in *Forbes,* but omitted any reference to the second part of the standard, *i.e.*, that the

2

government must "produce evidence sufficient to raise an inference that a statutory disqualifying fact actually existed." *Id.*

The government argues that even if the BIA's definition of materiality conflicts with *Forbes*, the BIA's definition is entitled to deference under principles of *Chevron*[1] and *Brand X*.[2] The BIA, however, is entitled to deference only when it *intends* to issue an interpretation of a statute. *See Lagandaon v. Ashcroft*, 383 F.3d 983, 987 (9th Cir. 2004) (emphasizing that the BIA must "'intend[] to issue an interpretation' of a statute it enforces"); *Hernandez v. Ashcroft*, 345 F.3d 824, 839 n.13 (9th Cir. 2003) (finding that the BIA did not intend to interpret a term because it "did not focus on the term or even reference its own regulation, and the opinion contains no definition or explicit consideration of the term"). The BIA's opinion in this case fails to give us any hint that by omitting the second prong of the materiality definition it was intentionally diverging from our precedent, as well as the standard used by the IJ. This lack of analysis leaves us guessing whether the BIA's omission of the "fair inference" standard was an intentional interpretation or

---

[1] *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

[2] *Nat'l Cable & Telecommc'ns Ass'n v. Brand X Internet Serv.*, 545 U.S. 967 (2005).

3

an inadvertent oversight.   As a result, we remand to the BIA for further clarification regarding its intent in omitting the second prong of the materiality test.

**2**.       The BIA also determined that Radojkovic was removable under 8 U.S.C. § 1227(a)(4)(D) for assisting or otherwise participating in an extrajudicial killing as described by 8 U.S.C. § 1182(a)(3)(E)(iii).  In defining what it means to "commit, order, incite, assist, or otherwise participate" in an extrajudicial killing, the BIA appeared to adopt the definition we have used in the context of the similarly worded persecution-of-others exceptions under the INA.

Under the INA, any person who has "ordered, incited, assisted, or otherwise participated in" persecution is ineligible for asylum and withholding of removal.  8 U.S.C. §§ 1101(a)(42), 1158(b)(2)(A)(i), 1231(b)(3)(B)(i).  In interpreting what it means to "assist" in a persecution, we have established "a continuum of conduct against which an individual's actions must be evaluated so as to determine personal culpability." *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 926 (9th Cir. 2006). In *Miranda Alvarado* we also emphasized two requirements for establishing culpability under the persecutor exception:  personal involvement and purposeful assistance. *Id.*

Here, although the BIA referenced our "continuum of conduct" test, it failed to apply or even address the relevance of the *Miranda Alvarado* two-part test

4

in determining whether Radojkovic assisted in an extrajudicial killing.[3]  As a

result, we remand to the BIA for further clarification regarding the relevance and

applicability of the two-prong test established by *Miranda Alvarado*.[4]

• ● •

Accordingly, we  grant the petition for review and remand to the BIA.[5]

**Petition GRANTED and REMANDED.**

---

[3]     It is perhaps noteworthy that, although the government argued in its brief that the BIA determination of material misrepresentation was entitled to *Chevron* deference, it did not so argue with respect to the BIA's determination of "assisting" in an extrajudicial killing.  At oral argument, however, government counsel took the position that this interpretation, too, was entitled to *Chevron* deference.

[4]     In a Rule 28(j) letter, the government calls our attention to the recently-decided case *In re Vides Casanova*, 26 I. & N. Dec. 494 (B.I.A. Mar.11, 2015).  In *Vides Casanova*, the BIA further discussed "command responsibility" under 8 U.S.C. §§ 1182(a)(3)(E) & 1227(a)(4)(D), *id*. at 501, which was also earlier discussed in *D-R-*, 25 I. & N. Dec. at 452.  It is unclear from the record, however, the extent to which, if any, the BIA relied on this definition.  On remand, the BIA will have the opportunity to articulate, if it so chooses, the extent to which it relies on "command responsibility."

[5]     We need not, and do not, reach the remaining issues raised in Radojkovic's petition for review.