# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2015

Lyle W. Cayce
Clerk

HERIBERTO CRUZ-VIZCARRA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 775 855

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Heriberto Cruz-Vizcarra, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) who denied his application for cancellation of removal under 8 U.S.C. § 1229b(b). In his application, Cruz-Vizcarra alleged that his removal would cause an exceptional hardship to his United States citizen son. Cruz-Vizcarra's son is six years old, and he has

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

always lived with his mother.  According to Cruz-Vizcarra, his relationship with his child consisted of visitation three times a week until the child's mother "disappeared" with his son ten months before the removal hearing.  When asked what hardship the child would suffer upon his removal, Cruz-Vizcarra said that his son would miss him.  The BIA upheld the IJ's determination that Cruz-Vizcarra's removal would not cause a sufficient hardship to the child and denied his application for cancellation of removal.  In three issues, Cruz-Vizcarra challenges the determination that he failed to establish a sufficient hardship.

The Attorney General may cancel the removal of a nonpermanent resident alien if, among other things, the alien "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." § 1229b(b)(1)(D).  This court generally has authority to review only the decision of the BIA but will consider the IJ's decision if it influenced the determination of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).  Because of the discretionary nature of cancellation of removal, we lack jurisdiction to review the denial of such relief "unless the appeal involves constitutional questions or questions of law." *Sattani v. Holder*, 749 F.3d 368, 372 (5th Cir. 2014); *see* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D).

Cruz-Vizcarra argues that the current custody arrangement is an "illegal abrogation of [his] right to a parent child relationship" and that the BIA erred when it held that his deportation and future separation from his son would not be an exceptional and extremely unusual hardship.  He is in essence arguing that his deportation will sever the parent-child relationship, and, therefore, the denial of his request for cancellation of removal amounted to a

constitutional violation. However, the decision to grant or deny an application for cancellation of removal is discretionary, and we have held in the context of an alleged due process violation that "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Assad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004). Because the denial of discretionary relief does not amount to a constitutional violation, Cruz-Vizcarra's claim is "an abuse of discretion argument cloaked in constitutional garb." *Hadwani v. Gonzales*, 445 F.3d 798, 800-01 (5th Cir. 2006) (internal quotation marks, alterations, and citations omitted). Thus, it falls within the jurisdictional bar of § 1252(a)(2)(B).

Although he also challenges the characterization of the custody arrangement, the IJ's and the BIA's decisions both show that their rulings were not based on the custody arrangement. Instead, the custody arrangement was used to determine the standard for assessing hardship in this case: the hardship that the citizen child would suffer by remaining in the United States with his mother as opposed to the hardship that he would suffer by leaving the United States with his father. *See Salcido-Salcido v. INS*, 138 F.3d 1292, 1293-94 (9th Cir. 1998).

Cruz-Vizcarra also complains that the IJ applied the wrong legal standard by failing to consider the future hardship to his son. Although we lack jurisdiction to review the denial of discretionary relief under § 1229b, we may consider this legal argument. *See* § 1252(a)(2)(B). The IJ's decision shows, however, that it considered future hardship to the child but refused to consider the future hardship that Cruz-Vizcarra would suffer. Because the issue is whether an alien's qualifying relative would suffer an "exceptional and extremely unusual hardship," *see* § 1229b(b)(1)(D), the IJ did not apply an erroneous legal standard.

Next, he argues that the BIA should have found "that the severing of a parent-child relationship goes beyond the ordinary expectation of suffering upon a parent's deportation."  He also contends that the BIA abused its discretion by failing to account for the fact that his removal "would forever prevent [his son] from forming a relationship with [Cruz-Vizcarra] and, likely also prevent [the child] from ever locating and knowing the identity of [Cruz-Vizcarra]."  Cruz-Vizcarra is merely asking us to take a different view of the record and replace the BIA's evaluation of the evidence with a new outcome.  Consequently, these arguments fall squarely within the jurisdictional bar of § 1252(a)(2)(B).  *See Sattani*, 749 F.3d at 372.

Finally, Cruz-Vizcarra argues in the alternative that, because of the hardship caused by family separation, he should not have been faulted for failing to provide documentary evidence of hardship.  Cruz-Vizcarra cites to the BIA's decision in *Calderon-Hernandez* to support this contention, but his reliance is misplaced.  *See In re Calderon-Hernandez*, 25 I. & N. Dec. 885, 886 (BIA 2012).  As the BIA explained there, when both parents are being deported and attempt to establish hardship through family separation by claiming that the child will remain in the United States, there must be documentary evidence establishing who will care for the child.  *Id.*  This is because "a claim that [a child] would remain in the United States can easily be made for purposes of litigation."  *Id.*  But when one parent is deported and the child remains with the other parent, it is reasonable "to assume that the child will be cared for and supported by the parent who remains here, absent evidence to the contrary."  *Id.*  Thus, Cruz-Vizcarra confuses the requirement to offer evidence of hardship with offering evidence of who will care for the child upon the parents' removal in order to establish hardship through family separation.  Consequently, his argument lacks merit.

No. 14-60324

In sum, it is apparent from the record that the BIA did not commit the legal errors Cruz-Vizcarra has raised.  To the extent that he has argued that the evidence was not given the proper weight, these arguments fall within the jurisdictional bar of § 1252(a)(2)(B).  *See Sattani,* 749 F.3d at 372.  For these reasons, Cruz-Vizcarra's petition for review is DENIED in part and DISMISSED in part.