# Matter of J. M. ALVARADO, Respondent

*Decided May 5, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The persecutor bar in section 241(b)(3)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B)(i) (2012), applies to an alien who assists or otherwise participates in the persecution of an individual because of that person's race, religion, nationality, membership in a particular social group, or political opinion, without regard to the alien's personal motivation for assisting or participating in the persecution.

FOR RESPONDENT: Daniel Santiago, Esquire, Malden, Massachusetts

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jennifer A. Mulcahy, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and LIEBOWITZ, Board Members.

MALPHRUS, Board Member:

In a decision dated June 4, 2014, an Immigration Judge granted the respondent's request for special rule cancellation of removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100, tit. II, 111 Stat. 2160, 2193, 2196 (1997), *amended by* Pub. L. No. 105-139, 111 Stat. 2644 (1997), after concluding that he is not subject to the "persecutor bar" in section 241(b)(3)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3)(B)(i) (2012). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be sustained.

To establish eligibility for special rule cancellation of removal under the NACARA, the respondent must show that he is not barred from relief because he "ordered, incited, assisted, or otherwise participated in the persecution of an individual because of the individual's race, religion, nationality, membership in a particular social group, or political opinion." Section 241(b)(3)(B)(i) of the Act; *see also* 8 C.F.R. § 1240.66(a) (2016). The only issue on appeal is whether the persecutor bar applies in this case.

The record reflects that the respondent served in the Salvadoran National Guard from 1981 to 1984, during the Salvadoran Civil War. He stated that he joined the National Guard because he needed to earn money to support himself. While serving in the National Guard, the respondent detained an

individual whom he delivered to his superiors for questioning. The respondent's superiors ordered him to stand guard away from the immediate area where they interrogated this detainee and to provide a security patrol during the questioning. The respondent knew that his superiors severely mistreated the detainee by actions that included placing needles under his fingernails and that such acts were based on the victim's political opinion.

Because the respondent had detained this individual and stood guard while he was interrogated and mistreated, the Immigration Judge concluded that he had "assisted" or "otherwise participated" in his superiors' actions. However, the Immigration Judge found that the respondent's actions were a consequence of his service in the Salvadoran National Guard, which he had joined to earn money to support himself, and that he had not imputed a political opinion to the detainee. Since the respondent had not intended to overcome the political opinion or other protected characteristic of the detainee, the Immigration Judge determined that the respondent's actions did not qualify as assistance or participation in persecution within the meaning of section 241(b)(3)(B)(i) of the Act. We disagree with this analysis.

The respondent does not contest that he "assisted" his superiors' actions and that their acts were committed on account of the victim's political opinion. Nor does he assert that he did not have "prior or contemporaneous knowledge" of his superiors' persecutory acts, as required by the United States Court of Appeals for the First Circuit, in whose jurisdiction this case arises.[1] *Castañeda-Castillo v. Gonzales*, 488 F.3d 17, 20, 24 (1st Cir. 2007) (en banc). Thus, the critical inquiry is whether to be subject to the persecutor bar, the respondent was required to have a persecutory motive when he assisted in the persecution of the detainee.[2]

---

[1]   To the extent that the respondent claims that his superiors' actions do not constitute persecution because they were incidental to a civil war, we disagree. The acts that occurred during the interrogation here were not limited to "military activities of a type normal in such conflicts." *Matter of Rodriguez-Majano*, 19 I&N Dec. 811, 815 (BIA 1988), *abrogated on other grounds by Negusie v. Holder*, 555 U.S. 511 (2009). In that case we held that harm resulting incidentally from acts directed at the overthrow, or defense of, a government is not persecution. *Id.* at 815−16; *see also Matter of D-R-*, 25 I&N Dec. 445, 456 (BIA 2011) (stating that conduct incident to the military objectives inherent in a civil war is not persecution), *remanded on other grounds*, *Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015). However, persecution can occur in the context of a civil war, and the mistreatment of the detainee in this case exceeded accepted military activities.

[2]   The respondent does not dispute that he bears the burden to disprove that he was engaged in persecution. *See Castañeda-Castillo v. Gonzales*, 488 F.3d at 21 & n.3 (noting that once the DHS introduces evidence of an alien's association with persecution, the alien has the burden to disprove that he engaged in persecution); *Matter of R-S-H-*, 23 I&N Dec. 629, 640 (BIA 2003) ("Where the evidence indicates that one or more of the grounds for mandatory denial of an application for relief may apply, the alien has the burden of proving by a preponderance of the evidence that such grounds do not apply.").

We have a duty to apply the plain language of the Act and not to create ambiguity where none exists. *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) ("If the statute is clear and unambiguous 'that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" (citations omitted)). Section 241(b)(3)(B)(i) of the Act states that the persecutor bar applies if an alien "ordered, incited, assisted, or otherwise participated in the persecution" of another. In view of this plain language, we conclude that an "alien's personal motivation is not relevant" to the application of this provision. *Bah v. Ashcroft*, 341 F.3d 348, 351 (5th Cir. 2003).

In *Bah*, the Fifth Circuit applied the plain language of section 241(b)(3)(B)(i) to reject an alien's argument that he was not subject to the persecutor bar because he was forcibly conscripted by the insurgent group and did not have a persecutory motive for the violent acts he had committed. *Id.* The court reasoned that if Congress wanted an alien's intent to be relevant to the persecutor bar, it could have drafted section 241(b)(3)(B)(i) so that the phrase "because of" modified the term "alien" and would thus apply to an "alien who, *because of an individual's political opinion*, ordered, incited, assisted, or otherwise participated in the persecution." *Id.* (emphasis added) (citing *Maikovskis v. INS*, 773 F.2d 435, 445 (2d Cir. 1985) (analyzing identical language in a Nazi collaboration statute and concluding that the provision did "not require proof that the alien identified himself with the Nazis' basis for persecution; if the Nazi persecution occurred 'because of' political opinion, the alien who assisted or otherwise participated in it is subject to deportation")). Since the alien in *Bah* had "participated in persecution, and the persecution occurred because of an individual's political opinions," the court held that he was subject to the persecutor bar. *Id.*

The Immigration Judge's determination that the respondent's personal motives were relevant to the applicability of the persecutor bar contravenes the plain language of section 241(b)(3)(B)(i) of the Act. Moreover, the Immigration Judge misapplied our decision in *Matter of Rodriguez-Majano*, 19 I&N Dec. 811, 815 (BIA 1988), *abrogated on other grounds by Negusie v. Holder*, 555 U.S. 511 (2009). In that case we held that "[i]n analyzing a claim of persecution in the context of a civil war, one must examine the motivation of the group threatening harm," because "persecution requires some degree of intent on the part" of such a group. Significantly, the "persecutor" whose intent we examine is the "group threatening harm"—in other words, those who committed the underlying persecutory acts.

When determining whether an alien has assisted or participated in persecution under section 241(b)(3)(B)(i) of the Act, the proper focus is not on the motive of the alien, but rather on the intent of the perpetrator of the underlying persecution. If the perpetrator is motivated by the victim's race,

religion, nationality, membership in a particular social group, or political opinion, then the alien's assistance invokes the persecutor bar, without regard to the personal motivation of the alien who assisted or otherwise participated in the persecution. *See Bah*, 341 F.3d at 351 (looking to the intentions of those inflicting persecution in determining whether the persecutor bar applies). Here, there is no dispute that the persecutors' conduct was based on the victim's political opinion at the time of the persecution. The fact that the respondent joined the military for financial, as opposed to political, reasons does not preclude the application of the persecutor bar.[3]

For the reasons discussed above, the persecutor bar in section 241(b)(3)(B)(i) of the Act applies to the respondent because, regardless of his own motives, he "assisted, or otherwise participated in the persecution of an individual because of the individual's . . . political opinion." He has therefore not met his burden of establishing that he is eligible for special rule cancellation of removal under the NACARA. The respondent did not request any other form of relief from removal. Accordingly, the DHS's appeal will be sustained and the respondent will be ordered removed from the United States to El Salvador.

**ORDER:** The appeal of the Department of Homeland Security is sustained, and the Immigration Judge's grant of special rule cancellation of removal is vacated.

**FURTHER ORDER:** The respondent is ordered removed from the United States to El Salvador.

---

[3] Our holding is consistent with Congress' interpretation of the international treaty obligations of the United States regarding the protection of refugees. The persecutor bar was enacted as part of the Refugee Act of 1980, Pub. L. No. 96-212, 94 Stat. 102, and one of Congress' primary purposes in passing the Refugee Act was to implement the principles agreed to in the United Nations Convention Relating to the Status of Refugees, *adopted* July 28, 1951, 19 U.S.T. 6259, 189 U.N.T.S. 150 (entered into force Apr. 22, 1954) ("Convention"), and the United Nations Protocol Relating to the Status of Refugees, *opened for signature* Jan. 31, 1967, 19 U.S.T. 6223, 606 U.N.T.S. 267 (entered into force Oct. 4, 1967; for the United States Nov. 1, 1968). *Negusie*, 555 U.S. at 520. The Convention prohibits the return of individuals to countries where their life or freedom may be threatened, except when such individuals have "committed a crime against peace, a war crime, or a crime against humanity." *Id.* at 536 (Stevens, J., concurring) (citation omitted). Congress considered the persecutor bar to be consistent with this exception. *Id.* (citing H.R. Rep. No. 96-608, at 18 (1979)).