# Matter of Beresford A. LANDERS, Jr., Attorney

*Decided September 17, 2025*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Circumstantial evidence of similarities in allegedly pro se filings and suspended counsel's involvement in the mailing of documents to the Immigration Courts and DHS can constitute clear and convincing evidence that counsel practiced law in violation of a disciplinary order of suspension.

FOR THE RESPONDENT:  Pro se

FOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, OFFICE OF GENERAL COUNSEL:  Catherine M. O'Connell, Disciplinary Counsel

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Amy S. Paulick, Disciplinary Counsel

BEFORE:  Board Panel:  MALPHRUS, Chief Appellate Immigration Judge; MULLANE and CREPPY, Appellate Immigration Judges.

CREPPY, Appellate Immigration Judge:

The Disciplinary Counsels for the Executive Office for Immigration Review ("EOIR") and the Department of Homeland Security ("DHS") filed a Joint Notice of Intent to Discipline, requesting that the respondent[1] be disbarred from practice before the Board of Immigration Appeals, the Immigration Court, and DHS.  The respondent has appealed the Adjudicating Official's August 15, 2024, decision ordering his disbarment.  The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

On June 2, 2022, the Supreme Court of Florida suspended the respondent from the practice of law in Florida for 90 days.  Based on this suspension, the Disciplinary Counsels for EOIR and DHS sought the respondent's suspension from practice before the Board, the Immigration Courts, and DHS in disciplinary proceeding.  *See* 8 C.F.R. §§ 1003.102(e), 1003.103(b) (2025).  On October 20, 2022, the Board issued a final order in the

---

[1]  The respondent in this case is an attorney in practitioner disciplinary proceedings.

proceedings suspending the respondent from practice before the Board, the Immigration Courts, and DHS for 90 days, effective September 8, 2022.

At the end of the 90-day period, the respondent, who had been reinstated to practice in Florida on October 3, 2022, moved the Board for reinstatement. The Disciplinary Counsels opposed the respondent's motion arguing that the respondent had violated the terms of his suspension by practicing before United States Citizenship and Immigration Services ("USCIS") in two different cases while suspended. Although the respondent denied practicing before USCIS, the Board denied his reinstatement request based on evidence presented by the Disciplinary Counsels. The respondent remains suspended from practice before the Board, the Immigration Courts, and DHS.

From January 2023 through January 2024, the Disciplinary Counsels for EOIR and DHS received numerous additional complaints that the respondent was continuing to practice law before the Immigration Courts and DHS in violation of his suspension. The Disciplinary Counsels sent the respondent a preliminary inquiry letter asking him to explain alleged pro se filings that were substantially similar to filings the respondent had submitted in other cases prior to his suspension. The respondent denied violating the terms of his suspension. On May 15, 2023, the Disciplinary Counsels filed a Joint Notice of Intent to Discipline with the Board initiating the current proceedings.

The Notice of Intent to Discipline contains 335 factual allegations supporting 52 counts of alleged violations of the Board's suspension order. Based on these violations, the Disciplinary Counsels charged the respondent with the unauthorized practice of law in violation of a disciplinary order of suspension. The Disciplinary Counsels recommend disbarment as the appropriate sanction given the extent of the respondent's violations.

On July 12, 2023, we referred the respondent's case to the Office of the Chief Immigration Judge for the appointment of an Adjudicating Official. The Adjudicating Official received additional evidence, conducted hearings, and issued a decision sustaining the charge in the Notice of Intent to Discipline. The Adjudicating Official found that the Disciplinary Counsels had proven the allegations in the Notice of Intent to Discipline and had linked the respondent to each of the motions and other legal filings described in the allegations. The Adjudicating Official further concluded that the Disciplinary Counsels had established, by clear and convincing evidence, that the respondent had engaged in the unauthorized practice of law by drafting and filing the motions and other legal documents described in the allegations while suspended from practice before the Board, the Immigration

Courts, and DHS. Given the extent of the respondent's violations, the Adjudicating Official disbarred the respondent from practice before the Board, the Immigration Courts, and DHS.

The respondent has appealed from the Adjudicating Official's decision. He argues that there is no direct evidence establishing that he engaged in the unauthorized practice of law, and he contends that the circumstantial evidence is not sufficient to establish that he performed acts that qualify as practicing before the Board, the Immigration Courts, and DHS while suspended.[2]

## II. ANALYSIS

In disciplinary proceedings, the Disciplinary Counsels "bear the burden of proving the grounds for disciplinary sanctions enumerated in the Notice of Intent to Discipline by clear and convincing evidence." 8 C.F.R. § 1003.106(a)(2)(iv) (2025). A party presents clear and convincing evidence when it "place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). We review the Adjudicating Official's findings of fact for clear error, but review questions of law, discretion, and judgment de novo. 8 C.F.R. § 1003.1(d)(3)(i)–(ii) (2025); *see also* 8 C.F.R. § 1003.106(c).

### A. Disciplinary Charge

The Disciplinary Counsels charged the respondent with the unauthorized practice of law in violation of the Board's October 20, 2022, order of suspension. The regulations governing proceedings before the Immigration Courts and the Board define "practice" as "exercising professional judgment to provide legal advice or legal services related to any matter before EOIR." 8 C.F.R. § 1001.1(i) (2025).

> Practice includes, but is not limited to, determining available forms of relief from removal or protection; providing advice regarding legal strategies; drafting or filing any document on behalf of another person appearing before EOIR based on an

---

[2] The respondent made additional arguments in his notice of appeal. However, because the respondent did not renew or further develop these arguments in his brief, we deem them waived. *See Matter of W-Y-C- & H-O-B-*, 27 I&N Dec. 189, 190 n.2 (BIA 2018), *aff'd sub nom. Cantareros-Lagos v. Barr*, 924 F.3d 145 (5th Cir. 2019)*; see also Abebe v. Mukasey*, 554 F.3d 1203, 1207–08 (9th Cir. 2009) (en banc) (holding that arguments raised in the notice of appeal are waived unless raised in the appellate brief).

analysis of applicable facts and law; or appearing on behalf of another person in any matter before EOIR.

*Id.* The regulations distinguish "practice" from "preparation," which "consist[s] solely of filling in blank spaces on printed forms with information provided by the applicant or petitioner that are to be filed with or submitted to EOIR, where such acts do not include the exercise of professional judgment to provide legal advice or legal services." 8 C.F.R. § 1001.1(k).

The regulations governing proceedings before DHS similarly define "practice" as "the act or acts of any person appearing in any case, either in person or through the preparation or filing of any brief or other document, paper, application, or petition on behalf of another person or client before or with DHS." 8 C.F.R. § 1.2 (2025). The DHS regulations define "preparation, constituting practice," as

> the study of the facts of a case and the applicable laws, coupled with the giving of advice and auxiliary activities, including the incidental preparation of papers, but does not include the lawful functions of a notary public or service consisting solely of assistance in the completion of blank spaces on printed DHS forms, by one whose remuneration, if any, is nominal and who does not hold himself or herself out as qualified in legal matters or in immigration and naturalization procedure.

*Id.* (emphasis omitted).

To sustain the disciplinary charge in this case, the Disciplinary Counsels must present clear and convincing evidence that the respondent engaged in acts that qualify as practicing before the Immigration Courts and DHS while suspended.[3] Upon de novo review, we agree with the Adjudicating Official that the Disciplinary Counsels have met their burden of proof. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

The respondent does not dispute the Adjudicating Official's factual findings regarding the allegations in the Notice of Intent to Discipline and we discern no clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i). In particular, the Adjudicating Official did not clearly err in finding that the evidence the Disciplinary Counsels provided was sufficient to establish the facts set forth in allegations 1 to 335.

---

[3] Our October 20, 2022, order was effective as of September 8, 2022, the date we granted the Disciplinary Counsels' petition for immediate suspension. The respondent, accordingly, violated our suspension orders if he practiced before the Immigration Courts or DHS on or after September 8, 2022.

Agreeing with the respondent, the Adjudicating Official also found that the allegations do not specifically state that the respondent prepared or filed the motions and other filings identified by the Disciplinary Counsels in counts 1 to 52.[4] The Adjudicating Official, however, concluded that the Disciplinary Counsels' evidence was sufficient to link the respondent to the filings and to provide clear and convincing evidence that the respondent continued to practice before the Immigration Courts and DHS despite his suspension from practice before these entities. We affirm the Adjudicating Official's decision.

The Adjudicating Official did not clearly err in finding a link between the respondent and the filings discussed in the Notice of Intent to Discipline based on: (1) the pattern of similarities among the legal filings discussed in counts 1 to 52 and between the pre-suspension legal filings from the respondent and the legal filings identified in the Notice of Intent to Discipline; (2) the testimony of the Government's witnesses; and (3) the evidence from the Miami and El Paso Immigration Courts. The Adjudicating Official also did not clearly err in finding that the respondent's statements in response to the preliminary inquiry letter and the Notice of Intent to Discipline corroborated rather than weakened this link.

In assessing the evidence submitted by the Disciplinary Counsels, the Adjudicating Official found the similarities between the allegedly pro se filings striking. Specifically, the Adjudicating Official found that the filings used identical font and language and that several contained the same typographical and grammatical errors. The Adjudicating Official also found that several of the filings were submitted by aliens the respondent represented prior to his suspension. He further found that some of the filings were identical to motions the respondent filed in cases prior to his suspension. Moreover, the Adjudicating Official pointed out that the respondent signed one of the pro se asylum applications included with these filings as preparer even though he was suspended. The Adjudicating Official also observed that several of the aliens signed their asylum applications on the same day. The Adjudicating Official did not clearly err in finding that these similarities were sufficient to establish that the respondent prepared the allegedly pro se legal filings.

The respondent asserts that legal arguments and case law are in the public domain and available for anyone to use in legal filings. This fact, however,

---

[4] It would have been better practice for the Disciplinary Counsels to have included specific allegations in the Notice of Intent to Discipline stating that the respondent had drafted and filed the motions and other legal documents discussed.

does not adequately explain how so many different individuals independently obtained the respondent's work product, adapted it for themselves, and then prepared motions and filings in the same font, same format, and with the same typographical errors. Further, as the Adjudicating Official pointed out, many of the individuals using his work product were his former clients prior to his suspension. This fact makes it even less likely that the allegedly pro se aliens found the respondent's work product without the respondent's assistance and then adapted it to their individual cases without the respondent's advice and assistance.

The Adjudicating Official additionally did not clearly err in finding that the manner in which many of the documents were mailed provided further proof of the respondent's involvement. Many of the allegedly pro se motions were sent to the Miami Immigration Court in large boxes with multiple other motions from unrelated cases. The boxes bore the respondent's name as sender. Even one of the filings sent individually to DHS had links to the respondent. The mailing label for the response to a DHS request for additional evidence, which is discussed in count 52 of the Notice of Intent to Discipline, listed the respondent as sender. The response also included an address used by the respondent as the alien's return address.

Finally, the Adjudicating Official did not clearly err in finding that the respondent tacitly admitted he was drafting legal documents despite his suspension. When the Disciplinary Counsels sent a preliminary inquiry asking the respondent about allegedly pro se filings that closely resembled filings he had made before his suspension, the respondent did not deny his involvement with the filings. Rather, he argued, incorrectly, that the Board's suspension order was narrowly tailored and only prevented him from physically appearing before the Board, the Immigration Courts, and DHS. The respondent claimed, again incorrectly, that the Board's order did not prevent him from providing document assistance. The respondent reiterated these arguments in his response to the Notice of Intent to Discipline and chose not to testify during the hearing held by the Adjudicating Official. The Adjudicating Official did not clearly err in interpreting this as an admission that the respondent engaged with clients in a manner that qualified as "practice" under 8 C.F.R. § 1.2 and 8 C.F.R. § 1001.1(i). *See Cooper v. Harris*, 581 U.S. 285, 309 (2017) (stating that under clear error review, reversal is appropriate only when "left with the definite and firm conviction that a mistake has been committed" (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985))); *see also Matter of D-R-*, 25 I&N Dec. 445, 454–55 (BIA 2011) (explaining that an Immigration Judge may make "reasonable inferences from direct and circumstantial evidence of the record as a whole" and "is not required to accept a respondent's assertions, even if

plausible, where there are other permissible views of the evidence based on the record"), *remanded sub nom. Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).

We disagree with the respondent's claim that the Adjudicating Official did not distinguish practice from preparation in finding that he violated his suspension order. The respondent did more than "fill[] in blank spaces on printed forms with information provided by the applicant or petitioner" or act as a courier service for former and new clients. 8 C.F.R. § 1001.1(k). The record provides clear and convincing evidence that the respondent drafted motions requiring legal analysis and citation to cases and provided legal advice on strategy. This conduct clearly falls within the definition of "practice" contained in 8 C.F.R. § 1001.1(i) and 8 C.F.R. § 1.2.

The respondent further argues that there is no direct evidence that he prepared or filed the documents discussed in counts 1 to 52. He asserts that the circumstantial evidence in the record is not sufficient to meet the Disciplinary Counsels' burden of showing a disciplinary violation by clear and convincing evidence.

"Depending on its probative value, circumstantial evidence alone may be sufficient to prove a charge in [disciplinary] cases." *Matter of Koden*, 15 I&N Dec. 739, 760 (BIA 1974).[5] In fact, the Supreme Court of the United States has recognized that circumstantial evidence can be sufficient even to prove a charge beyond a reasonable doubt. *See Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) (stating, in the context of an employment discrimination lawsuit, that the adequacy of circumstantial evidence extends beyond civil cases and that the Court has "never questioned the sufficiency of circumstantial evidence in support of a criminal conviction, even though proof beyond a reasonable doubt is required"); *Holland v. United States*, 348 U.S. 121, 140 (1954) (stating that circumstantial evidence is no different from testimonial evidence). "[T]he law makes no distinction between the weight or value to be given to either direct or

---

[5] It has long been held and accepted that charges of professional misconduct may be established by circumstantial evidence. *E.g.*, *Utz v. State Bar*, 130 P.2d 377, 379 (Cal. 1942). The regulations governing disciplinary proceedings before the Board further state that disciplinary hearings "shall be conducted in the same manner as Immigration Court proceedings as is appropriate." 8 C.F.R. § 1003.106(a)(2)(v). Circumstantial evidence is admissible in immigration proceedings conducted before Immigration Judges, and Immigration Judges may rely on circumstantial evidence to determine if a party has met its burden of proof. *See, e.g.*, *Matter of D-R-*, 25 I&N Dec. at 454–56 (upholding an Immigration Judge's findings that were based on reasonable inferences drawn from direct and circumstantial evidence of the record as a whole).

circumstantial evidence." *Desert Palace*, 539 U.S. at 100 (citation omitted); Kevin F. O'Malley et al., *Federal Jury Practice & Instructions, Criminal* § 12:04 (7th ed. 2025) (discussing direct and circumstantial evidence and indicating that no greater degree of certainty is required of circumstantial evidence than of direct evidence).

Circumstantial evidence of similarities in allegedly pro se filings and suspended counsel's involvement in the mailing of documents to the Immigration Courts and DHS can constitute clear and convincing evidence that counsel practiced law in violation of a disciplinary order of suspension. As we explained above, the evidence in this case connects the respondent to 52 separate filings allegedly made by pro se aliens while the respondent was suspended from practice before the Immigration Courts and DHS, and the respondent did not deny his involvement in the preparation of these filings. Based on these factual findings, we agree that the Disciplinary Counsels' evidence, even though circumstantial, constitutes clear and convincing evidence that the respondent violated his suspension by continuing to practice before the Immigration Courts and DHS. *See Colorado v. New Mexico*, 467 U.S. at 316 (defining clear and convincing evidence). We accordingly sustain the disciplinary charge against the respondent.

## B. Sanction

The respondent does not specifically challenge the Adjudicating Official's choice of sanction. The Adjudicating Official engaged in a comprehensive analysis and considered all relevant factors in determining the appropriate sanction for the respondent's misconduct. We affirm the Adjudicating Official's conclusion that disbarment is the appropriate sanction in this case. *See Matter of K. Gupta*, 28 I&N Dec. 653, 657 (BIA 2022) (finding that the attorney's "knowing and repeated disregard" for a prior order of suspension and his false "claim on notices of entry of appearance that he was not subject to any order restricting his right to practice law . . . [were] serious violations that undermine the integrity of the legal system" and that disbarment was the appropriate sanction).

The respondent's extensive and knowing violations of our October 20, 2022, order suspending him from practice before the Board, the Immigration Courts, and DHS strike at the heart of the legal system. He continued to violate our order for months after we denied his request for reinstatement based on his conduct and after he received the Disciplinary Counsel's preliminary inquiry letter notifying him that his actions appeared to constitute disciplinary violations. The respondent has not identified any factors mitigating his serious misconduct. We therefore uphold the

Adjudicating Official's determination that disbarment is the appropriate sanction in this case.

**ORDER:** The respondent's appeal is dismissed.

**FURTHER ORDER:** The Board hereby disbars the respondent from practice before the Board of Immigration Appeals, the Immigration Courts, and DHS, effective immediately.

**FURTHER ORDER:** The respondent must maintain compliance with the directives set forth in our prior order. The respondent must notify the Board of any further disciplinary action against him.

**FURTHER ORDER:** The contents of the order shall be made available to the public, including at the Immigration Courts and appropriate offices of DHS.