# Matter of Juan Carlos PELAGIO MENDOZA, Respondent

*Decided April 3, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A respondent's or qualifying relative's testimony about a medical or mental health condition will generally be insufficient to establish exceptional and extremely unusual hardship where expert testimony, reports, or medical evidence exist and could reasonably have been produced.

FOR THE RESPONDENT:  Pro se

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Christian Parke, Assistant Chief Counsel

BEFORE:  Board Panel:  GOODWIN and VOLKERT, Appellate Immigration Judges; MCCLOSKEY, Temporary Appellate Immigration Judge.

GOODWIN, Appellate Immigration Judge:

On August 11, 2025, the Immigration Judge granted the respondent's application for cancellation of removal for certain nonpermanent residents under section 240A(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(b)(1) (2024).  The Department of Homeland Security ("DHS") has appealed from that decision, arguing that the respondent has not demonstrated that his children would suffer exceptional and extremely unusual hardship if he were removed.  The respondent, a native and citizen of Mexico, opposes the appeal.  The appeal will be sustained, and the respondent will be ordered removed to Mexico.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is 46 years old and entered the United States without inspection in 1999.  He has three United States citizen children, ages 16, 11, and 8, who would remain in the United States with his ex-wife, their mother, if the respondent were removed.  The respondent is the primary source of income for the family.  His ex-wife works 3 days a week as a waitress.  She lacks lawful status to reside in the United States.  The respondent often attends his children's soccer matches, including when they travel to compete.

The respondent's eldest son testified that, following his parents' divorce in September 2024, he went to a psychologist because he was struggling with "anger issues." On appeal, the respondent asserts that his son had suicidal thoughts. The respondent's son testified that he "wanted to commit suicide at some point in [his] life." The record does not contain nontestimonial or expert opinion evidence about the mental health of the respondent's eldest son.

The sole issue in dispute before the Immigration Judge was whether the respondent demonstrated that his removal would result in exceptional and extremely unusual hardship to a qualifying relative under section 240A(b)(1)(D) of the INA, 8 U.S.C. § 1229b(b)(1)(D).[1] DHS challenges the Immigration Judge's conclusion that the respondent met his burden to show such hardship.

## II. DISCUSSION

The respondent bears the burden of proving he is statutorily eligible for cancellation of removal. *See* INA § 240(c)(4)(A)(i), 8 U.S.C. § 1229a(c)(4)(A)(i) (2024); 8 C.F.R. § 1240.8(d) (2026). The respondent must show, inter alia, that his removal would result in exceptional and extremely unusual hardship to a United States citizen or lawful permanent resident spouse, parent, or child. INA § 240A(b)(1)(D), 8 U.S.C. § 1229b(b)(1)(D).

We review de novo, as a question of law, whether a given set of facts establishes exceptional and extremely unusual hardship. *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024); 8 C.F.R. § 1003.1(d)(3)(ii). This standard requires an aggregate hardship that is "'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *Matter of Monreal*, 23 I&N Dec. 56, 62 (BIA 2001). The Immigration Judge "must compare the hardship in a given case to the hardship that results in the usual, ordinary course when an alien is removed." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). Key factors to consider include the ages, health, and circumstances of the qualifying relatives, with each application needing to "be assessed and decided on its own facts." *Matter of Monreal*, 23 I&N Dec. at 63; *accord Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003).

Upon de novo review, we conclude that the respondent did not establish the requisite exceptional and extremely unusual hardship. The Immigration

---

[1] The Immigration Judge also noted that credibility was not at issue.

Judge based his hardship determination largely on the mental health of the respondent's eldest son. He found in his decision that "[t]he divorce seems to have taken psychological issues to a breaking point for [the eldest son]" and that the son had "anger issues" and thought about harming himself. The Immigration Judge gave great weight to the son's testimony, finding that it tipped the balance of the evidence in favor of finding the respondent had demonstrated exceptional and extremely unusual hardship.

We acknowledge the testimonial evidence regarding the mental health of the respondent's eldest son, specifically his past anger issues and suicidal thoughts. However, neither the respondent's nor his eldest son's testimony establishes that these past issues are ongoing, that the son is currently in therapy for these issues, or that he has received a formal diagnosis of any mental health condition. To the extent that the respondent argues on appeal that his son is currently in therapy, this is not reflected in the record.

Furthermore, the respondent has not submitted evidence regarding how his son's mental health would be affected by his removal. The respondent's son testified that the sources of his past anger problems and suicidal thoughts were issues at school and his parents' divorce. The respondent has not submitted medical reports assessing his son's mental health or a report or affidavit from his son's therapist which would speak to the impact the respondent's removal would have on his son.

The respondent states on appeal that his son's therapist was unable to submit an affidavit due to privacy concerns under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936, which governs medical privacy in the United States. However, such evidence is routinely provided in cancellation of removal cases, and the respondent retains the burden to establish exceptional and extremely unusual hardship. *See* INA § 240(c)(4)(A), 8 U.S.C. § 1229a(c)(4)(A); 8 C.F.R. § 1240.8(d). The respondent argued below, and in response to DHS' appeal, that he was unable to obtain such records because such records are private and the provider required a direct and formal request from a court or legal authority to release the records. However, the respondent has not identified any parts of the HIPAA that support this argument or preclude patients (or parents of minor patients) from obtaining medical records.[2]

---

[2] The Board may take administrative notice of the contents of official documents. 8 C.F.R. § 1003.1(d)(3)(iv) (2026). Here, we take administrative notice of 45 C.F.R. § 164.524(a) (2026), which states that an individual has a right of access to inspect and obtain a copy of protected health information, although various exceptions apply. The

Moreover, the respondent has not supported his assertion with any evidence that he was refused access to his son's medical records. Immigration Judges and the Board are not required to credit a respondent's explanations for failing to provide this type of evidence. *See Matter of D-R-*, 25 I&N Dec. 445, 455 (BIA 2011) ("An Immigration Judge is not required to accept a respondent's assertions, even if plausible, where there are other permissible views of the evidence based on the record."), *remanded on other grounds sub nom. Radojkovic v. Holder*, 599 F. App'x 646 (9th Cir. 2015).

Mental health records and expert testimony from medical professionals familiar with the qualifying relative may be probative and ultimately support an exceptional and extremely unusual hardship determination. However, a respondent's or qualifying relative's testimony about a diagnosis of a medical or mental disorder—which requires diagnostic expertise and appropriate licensing or credentials to make—and speculation as to ensuing mental health hardship as a result of a respondent's removal is generally not a sufficient substitute for expert evidence, especially where the qualifying relative has sought medical or psychological treatment, and evidence of such treatment should be reasonably available. *See Matter of J-J-G-*, 27 I&N Dec. 808, 811–12 (BIA 2020) ("Generally, an applicant will lack the firsthand knowledge and medical expertise needed to provide persuasive and sufficiently specific testimony regarding the seriousness of a qualifying relative's medical condition . . . ."); *see also Garland v. Ming Dai*, 593 U.S. 357, 371 (2021) (holding that "even if the BIA treats an alien's evidence as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof"); *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017) ("If the testimony is not sufficient by itself, then the [Immigration Judge] may require corroborative evidence.").

The Board's decision in *Matter of Y-S-L-C-*, 26 I&N Dec. 688 (BIA 2015), does not dictate otherwise. In *Matter of Y-S-L-C-*, the Board held that a respondent's testimony as to what she or he experienced is admissible and does not require the respondent to be an expert in a certain scientific field. 26 I&N Dec. at 690. That case, however, involved the admission of evidence and did not speak to whether such evidence would have been sufficient to satisfy the respondent's burden of proof.

Moreover, the Board's analysis mischaracterized the purpose behind the Immigration Judge's line of questioning. In that case, the respondent's

---

Board also takes administrative notice of 45 C.F.R. § 164.502(g)(1) and (3) (2026), which requires a minor's parent to be considered a "personal representative" and treated like the individual whose records are at issue, subject to various exceptions.

attorney asked the respondent whether past events caused the respondent "any psychological issues." *Id*. at 689. It was appropriate for the Immigration Judge to preclude nonexpert testimony from being elicited on any issues that required psychiatric expertise. Thus, that decision was overbroad and incorrect.

Whether a qualifying relative suffers from a serious medical condition is reviewed on appeal under the clear error standard. *Matter of J-J-G-*, 27 I&N Dec. at 811. A respondent's or qualifying relative's testimony, even if it is admissible and a credible account of personal experiences, may not ultimately be persuasive or sufficient to meet the requisite burden of proof for cancellation of removal and may be insufficient where an expert's opinion and diagnosis are available but not submitted as evidence. *See id.* at 811–12 (observing that lay testimony about a qualifying relative's medical condition will often need to be corroborated to meet the burden of proof). A respondent's or qualifying relative's testimony about a medical or mental health condition will generally be insufficient to establish exceptional and extremely unusual hardship where expert testimony, reports, or medical evidence exist and could reasonably have been produced.

In this case, the record does not establish that the respondent's eldest son currently receives mental health treatment or that he has any mental health diagnosis. Even if the record did show he received current mental health treatment, he could continue to receive such care in the United States because he would not move to Mexico with the respondent.

Regarding financial hardship, the respondent has not established that his ex-wife would be unable to work full-time hours instead of 3 days per week and does not counter DHS' argument regarding this issue on appeal. Moreover, the Immigration Judge's finding that the respondent's children would be unable to play soccer on a travel team if the respondent were removed was speculative. Likewise, it was improper for the Immigration Judge to speculate regarding the possibility of the respondent's ex-wife's removal from the United States. *See Matter of Calderon-Hernandez*, 25 I&N Dec. 885, 886–87 (BIA 2012) (holding that where the record reflects the qualifying relative children would remain in the United States under the care of a parent without legal status, it is improper to speculate on the likelihood that the remaining parent would be placed in removal proceedings).

Considering the hardship factors in the aggregate, we conclude that the respondent did not demonstrate that his removal would result in exceptional

and extremely unusual hardship to a qualifying relative.[3]  *See Matter of Monreal*, 23 I&N Dec. at 62–64 (defining exceptional and extremely unusual hardship and describing relevant factors to consider).  Thus, the respondent has not established eligibility for cancellation of removal under section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1).  Accordingly, we will sustain DHS' appeal and order the respondent removed to Mexico.

**ORDER:**  DHS' appeal is sustained.

**FURTHER ORDER:**  The Immigration Judge's August 11, 2025, order granting relief is vacated, and the respondent is ordered removed from the United States to Mexico.

**NOTICE:**  If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $998 for each day the respondent is in violation.  *See* INA § 274D, 8 U.S.C. § 1324d (2024); 8 C.F.R. § 280.53(b)(14) (2026).  Further, any respondent that has been denied admission to, removed from, or has departed the United States while an order of exclusion, deportation, or removal is outstanding and thereafter enters, attempts to enter, or is at any time found in the United States shall be fined or imprisoned not more than two years, or both.  *See* INA § 276(a), 8 U.S.C. § 1326(a) (2024).

---

[3]  We note the Immigration Judge considered in the hardship equation several factors that would only be relevant if the children were to accompany the respondent to Mexico, which the Immigration Judge explicitly found is not the case here.  We decline to address those factors.